IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MELISSA PRINGLE, ) | |
| ) | |
| Plaintiff, ) | CIV. ACT. NO. CV112-0044 |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| FAMILY DOLLAR STORES OF ) | |
| GOERIGA, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Melissa Pringle, by and through counsel of record, for her Amended Complaint for Damages against the above-named defendant, Family Dollar Stores of Georgia, Inc. ("Defendant" or "Family Dollar") states and alleges as follows:

## PARTIES

1. Melissa Pringle ("Plaintiff" or "Pringle") brings this action for damages and injunctive relief for violations of the prohibitions against discrimination contained pursuant to the provisions of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000(e) *et seq.* ("Title VII"); and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.,* ("ADA") including the ADA Amendments Act of 2008.

2. Defendant Family Dollar, is a Georgia corporation with its corporate headquarters at PO BOX 1017,Attn: Michele Hartsell, Charlotte, NC 282011017. The registered agent for defendant is CT Corporation System, 1201 Peachtree ST NE Ste. 1240, Atlanta, GA 30361.

3. At all times relevant to this complaint, Family Dollar was an "employer" within the meaning of Title VII and the ADA.

4. Defendant owns and operates retail stores in Wadley and Wrightsville, Georgia.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, 1132, and 42 U.S.C. § 2000e-5(f)(3) and that this is an action arising under the laws of the United States.

6. This court has subject matter jurisdiction over the matters at issue.

7. This court has personal jurisdiction over Defendant.

8. Venue for this action is proper in this court.

9. This action properly lies in the United States District Court for the Southern District of Georgia, Augusta Division, pursuant to 28 U.S.C. § 1391(b) because the Defendant is located in and is conducting business in this judicial district.

10. Plaintiff has been employed by defendant to perform services within the Southern District of the State of Georgia. This court has venue over this matter pursuant to 28 U.S.C. §1391(b), and 42 U.S.C. §2000e-5(0(3).

11. Plaintiff has complied with all prerequisites to the filing of this action, having filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 14, 2010 and having received a "Notice of Right to Sue" on January 10, 2012. This action is filed within ninety (90) days of plaintiff receiving the "Notice of Right to Sue" which is dated January 10, 2012. Plaintiff has complied with all the

conditions precedent to the institution of this lawsuit. Thus, this action is properly before this court.

## FACTUAL ALLEGATIONS

12. Plaintiff was an employee of Defendant from March 2005 to March 2010.

13. Plaintiff is an African-American female and therefore in a protected class pursuant to Title VII.

14. Plaintiff worked for Defendant as an Assistant Manager of retail store #1047 in Wrightsville, Georgia.

15. As an assistant manager, Plaintiff was supervised by District Manager, Stacey Bales ("Bales").

16. At all times mentioned herein, before and after, the persons responsible for perpetrating Plaintiffs discriminatory actions were agents, servants and employees of Defendant Lane and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

17. At all times prior to the incidents giving rise to this action, Plaintiff performed her duties well and to the satisfaction of her superiors.

18. During Plaintiffs' employment with Defendant, Plaintiff was the assistant manager of Store #1047 in Wrightsville, Georgia.

19. Plaintiff suffered from Hallux abducto valgus, a foot impairment, which affected her ability to walk, lift and stand for, prolong periods of time.

20. Plaintiff's condition required surgery and post-operative therapy.

21. Plaintiff was "disabled" as defined by the ADA.

22. Plaintiff's disability was known by Defendant prior to her termination.

23. During Plaintiffs employment with Defendant, the Plaintiff requested medical leave as a result of her disability.

24. After surgery and an extended period of approved time off from work, Plaintiff attempted to return to work.

25. Plaintiffs' medical provider ordered that Plaintiff return to work at light duty initially.

26. Plaintiff requested light duty or reduced hours.

27. Plaintiff diligently pursued alternative employment with Defendant, and obtained a medical release to return to work on light duty, initially.

28. Defendant made no attempt to accommodate Plaintiffs disability.

29. Defendant terminated Plaintiff's employment March 2010.

30. Defendant did not properly investigate Plaintiffs complaints or denials of disability accommodations.

31. Defendant terminated Plaintiff without initiating an interactive process to determine whether reasonable accommodations could be provided for Plaintiffs disability.

32. Plaintiff was replaced by a white male.

33. Defendant then told Plaintiff that she could re-apply for a position with Defendant.

34. Plaintiff attempted to return to work and was told no positions were available.

35. Defendant falsely stated that there were no positions available when, in fact, Ms. Bales had placed nine (9) store managers in the district where Plaintiff worked since Plaintiff re-applied for her position.

36. Defendant was in the position to exercise reasonable and ordinary care and diligence to prevent Plaintiff from being subjected to unfair treatment and discrimination in the work place.

37. During Plaintiffs employment with Defendant, Defendant failed to take appropriate measures to prevent discrimination and unfair treatment in the workplace.

## COUNT I

### CAUSE OF ACTION
### AMERICANS WITH DISABILITIES ACT: DISCRIMINATION AND FAILURE TO ACCOMMODATE

38. Plaintiff hereby incorporates as if set forth fully herein Paragraphs 1 through 37 of this Complaint.

39. Defendant failed to provide a reasonable accommodation to Plaintiff who is a qualified individual with a disability.

40. Defendant's discharge of Plaintiff on account of her disability constitutes discrimination against Plaintiff with respect to the terms, conditions or privileges of employment. Defendant's actions constitute a violation of 42 U.S.C. §§ 12102(2)(A) and 12112.

41. In failing to reasonably accommodate Plaintiff's disability, Defendant acted with malice or with reckless indifference to the federally protected rights of plaintiff.

42. As a direct and proximate result of Defendant's failure to provide reasonable accommodation based on Plaintiff's disability, Plaintiff Brogan has suffered lost wages and benefits, as well as emotional distress and humiliation.

43. Defendant's failure to reasonably accommodate Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II

### CAUSE OF ACTION
### TITLE VII-RACE

44. Plaintiff hereby incorporates as if set forth fully herein Paragraphs 1 through 37 of this Complaint.

45. The replacement of Plaintiff by a white male and refusal to allow her to return to work on account of her race constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment.

46. Defendant's discharge of Plaintiff on account of her race constitutes discrimination and retaliation against Plaintiff with respect to the terms, conditions, or privileges of employment. Defendant's actions are a violation of 42 U.S.C. §§ 2000(e) *et seq.*

47. Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

48. As a result of the unlawful actions of Defendant, Plaintiff has suffered loss of income, as well as emotional pain, suffering, humiliation, and other non-pecuniary losses.

## COUNT III

### CAUSE OF ACTION
### TITLE VII-GENDER

49. Plaintiff hereby incorporates as if set forth fully herein Paragraphs 1 through 37 of this Complaint.

50. The replacement of Plaintiff by a white male and refusal to allow her to return to work for on account of her gender constitutes discrimination against Plaintiff with respect to the terms, conditions, or privileges of employment.

51. Defendant's actions in retaliating against Plaintiff on account of her gender constitutes unlawful retaliation and violation of Title VII.

52. Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

53. As a result of the unlawful actions of Defendant, Plaintiff has suffered loss of income, as well as emotional pain, suffering, humiliation, and other non-pecuniary losses.

## COUNT IV

## NEGLIGENT SUPERVISION

54. Plaintiff hereby incorporates as if set forth fully herein Paragraphs 1 through 37 of this Complaint.

55. At all times relevant to this action, Plaintiff was working for Defendant under the supervision of Stacey Bales.

56. During Plaintiff's employment with Defendant, Defendant was in a position to exercise reasonable and ordinary care and diligence to prevent Plaintiff from being subjected to tortious, harmful conduct and retaliation by Ms. Bales and other of defendant's management personnel and failed to do so.

57. Defendant knew or should have known of Ms. Bales' tendencies to engage in unfair treatment and discrimination.

58. Defendant was grossly negligent in failing to properly monitor and supervise Ms. Bales, once Plaintiff requested disability accommodations and medical leave.

59. Defendant's gross negligence directly and proximately resulted in injury to Plaintiff, namely her wrongful termination.

60. Defendant acted with reckless indifference to Plaintiff's protected rights and/or defendant acted with actual or imputed knowledge that the inevitable or probable consequences of its actions or omissions would result in harm to Plaintiff and in violation of her rights under State and Federal law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and judgment as follows:

(a) Adjudging Defendant to have engaged in lawful employment practices in violation of Title VII and the ADA;

(b) Enjoining Defendant from engaging in unlawful employment practices in violation of Title VII and the ADA;

(c) Reinstating Plaintiff to her former position as assistant manager;

(d) Awarding Plaintiff compensatory damages for violation of her statutory rights in an amount to be determined by the enlightened conscience of the jury, including damages for emotional distress and humiliation;

(e) Awarding Plaintiff punitive damages for the unlawful, intentional discrimination against her, and failure to provide reasonable accommodations to allow her to perform her job duties;

(f) Awarding Plaintiff lost wages and other benefits wrongfully denied;

(g) Awarding Plaintiff pre- and post-judgment interests;

(h)     Awarding Plaintiff her costs and expenses of litigation and reasonable attorney's fees; and

(i)     Awarding Plaintiff all other relief to which she is entitled.


Dated: July 24, 2012                              Respectfully Submitted,

                                                  LAW OFFICE OF JOHN P. BATSON


                                                  /s/ John P. Batson

                                                  John P. Batson
                                                  Ga. Bar. No. 042150
                                                  P.O. Box 3248
                                                  Augusta, GA 30914-3248
                                                  Telephone: 706/737-4040
                                                  Email: jpbatson@aol.com


                                                  BARNES LAW FIRM

                                                  /s/ Tequiero "TK" Smith
                                                  /s/ Tequiero "TK" Smith *pro hac vice*
                                                  Ga. Bar No. 199325
                                                  945 E. Paces, Ferry Road, Suite 2270
                                                  Atlanta, GA 30326
                                                  Telephone: 404/829-4011
                                                  Facsimile: 816/471-4321
                                                  Email: tksmith@tksmithlaw.com

                                                  ATTORNEYS FOR PLAINTIF