IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| MELISSA PRINGLE,<br><br>            Plaintiff,<br><br>v.<br><br>FAMILY DOLLAR STORES OF<br>GEORGIA, INC.,<br><br>            Defendant. | CIVIL ACTION NO. 1:12-cv-00044-JRH-WLB |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Defendant, Family Dollar Stores of Georgia, Inc. ("Family Dollar"), through undersigned counsel, and files its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and states as follows:

The first, unnumbered paragraph of the First Amended Complaint does not contain factual averments, but rather an introduction to which no response is required. To the extent that any response is necessary, Family Dollar denies the allegations contained in the first, unnumbered paragraph of the First Amended Complaint.

## PARTIES

1.

Family Dollar admits that Plaintiff attempts to bring this action for damages and injunctive relief pursuant to Title VII of Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Americans with Disabilities Act as amended, 42 U.S.C. § 12101 *et seq*., including the ADA Amendments Act of 2008 ("ADA"). Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 1 of the First Amended

Complaint.

2.

Family Dollar admits it is a Georgia corporation and its principle office address is P.O. Box 1017, Attn:  Michele Hartsell, Charlotte, NC 28201-1017.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 2 of the First Amended Complaint.

3.

Family Dollar admits the allegations of paragraph 3 of the First Amended Complaint.

4.

Family Dollar admits the allegations of paragraph 4 of the First Amended Complaint.

## JURISDICTION AND VENUE

5.

Family Dollar admits that this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 and 1132.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 5 of the First Amended Complaint.

6.

Family Dollar denies the allegations of paragraph 6 of the First Amended Complaint to the extent they relate to any purported retaliation claim and admits that the Court has subject matter jurisdiction over the remaining claims asserted by Plaintiff.

7.

Family Dollar admits the allegations of paragraph 7 of the First Amended Complaint.

8.

Family Dollar admits the allegations of paragraph 8 of the First Amended Complaint.

9.

Family Dollar admits the allegations of paragraph 9 of the First Amended Complaint.

10.

Family Dollar admits that Family Dollar employed Plaintiff to perform services within the Southern District of the State of Georgia and that the Court has venue over this matter pursuant to 28 U.S.C. § 1391(b), but lacks information and knowledge sufficient to form a belief as to whether this court has venue over this matter pursuant to 42 U.S.C. § 2000e-5(0(3) and therefore denies these allegations.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 10 of the First Amended Complaint.

11.

Family Dollar admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission on or about July 14, 2010 and that the Notice of Right to Sue was dated January 10, 2012, but lacks information and knowledge sufficient to form a belief as to when Plaintiff received a Notice of Right to Sue and therefore denies these allegations.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 11 of the First Amended Complaint, including that Plaintiff has satisfied all conditions precedent to the institution of this lawsuit.

**FACTUAL ALLEGATIONS**

12.

Family Dollar admits that Plaintiff became employed with Family Dollar in March 2005 and denies the remaining allegations contained in paragraph 12 of the First Amended Complaint.

13.

Family Dollar admits that Plaintiff is an African-American female, but the remaining

3

allegations are vague and therefore denied.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 13 of the First Amended Complaint.

14.

Family Dollar admits that Plaintiff worked for Family Dollar as a Store Manager of retail store #1047 located in Wrightsville, Georgia.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 14 of the First Amended Complaint.

15.

Family Dollar admits that, as a Store Manager, Plaintiff was supervised by District Manager Stacy Bales.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 15 of the First Amended Complaint.

16.

Family Dollar denies the allegations contained in paragraph 16 of the First Amended Complaint.

17.

Family Dollar denies the allegations contained in paragraph 17 of the First Amended Complaint.

18.

Family Dollar admits that Plaintiff was the Store Manager of Family Dollar store #1047 located in Wrightsville, Georgia.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 18 of the First Amended Complaint.

19.

Family Dollar lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 19 of the First Amended Complaint and therefore denies the allegations contained in paragraph 19 of the First Amended Complaint.

20.

Family Dollar lacks information and knowledge sufficient to form a belief as to the allegations contained in paragraph 20 of the First Amended Complaint and therefore denies the allegations contained in paragraph 20 of the First Amended Complaint.

21.

Family Dollar denies the allegations contained in paragraph 21 of the First Amended Complaint.

22.

Family Dollar denies the allegations contained in paragraph 22 of the First Amended Complaint.

23.

Family Dollar admits that Plaintiff requested a leave of absence under the Family and Medical Leave Act.   Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 23 of the First Amended Complaint.

24.

Family Dollar admits that it extended Plaintiff's leave several times and that Plaintiff submitted a return to work certification form from her doctor requesting she be returned to work working 26 hours per week with a maximum work day of eight hours per day. Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 24 of the First Amended Complaint.

25.

Family Dollar admits that Plaintiff submitted documentation from her medical provider restricting her to working 26 hours per week with a maximum work day of eight hours per day. Except as expressly admitted, Family Dollar denies the remaining allegations contained in

paragraph 25 of the First Amended Complaint.

26.

Family Dollar admits that Plaintiff submitted a request for work restrictions following her return from an extended leave of absence.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 26 of the First Amended Complaint.

27.

Family Dollar admits that Plaintiff submitted a request for work restrictions following her return from an extended leave of absence and denies the remaining allegations contained in paragraph 27 of the First Amended Complaint.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 27 of the First Amended Complaint.

28.

Family Dollar denies the allegations contained in paragraph 28 of the First Amended Complaint.

29.

Family Dollar admits that it terminated Plaintiff's employment and denies the remaining allegations contained in paragraph 29 of the First Amended Complaint.

30.

Family Dollar denies the allegations contained in paragraph 30 of the First Amended Complaint.

31.

Family Dollar denies the allegations contained in paragraph 31 of the First Amended Complaint.

32.

Family Dollar admits that during Plaintiff's leave of absence, Family Dollar transferred Logan Warbington, a white male, to manage store #1047 for Plaintiff until she returned from her leave of absence.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 32 of the First Amended Complaint.

33.

Family Dollar admits that it told Plaintiff she was eligible for rehire.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 33 of the First Amended Complaint.

34.

Family Dollar denies the allegations contained in paragraph 34 of the First Amended Complaint.

35.

Family Dollar denies the allegations contained in paragraph 35 of the First Amended Complaint.

36.

Family Dollar admits that it was in a position to exercise reasonable and ordinary care and diligence to prevent unfair treatment and discrimination in the workplace, but denies that Plaintiff was subject to unfair treatment or discrimination or any unlawful conduct at any time. Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 36 of the First Amended Complaint.

37.

Family Dollar denies the allegations contained in paragraph 37 of the First Amended Complaint.

<u>**COUNT I**</u>

<u>**CAUSE OF ACTION**</u>
<u>**AMERICANS WITH DISABILITIES ACT: DISCRIMINATION AND FAILURE TO**</u>
<u>**ACCOMMODATE**</u>

38.

Family Dollar incorporates its responses to paragraphs 1 through 37 above as if fully set forth herein.

39.

Family Dollar denies the allegations contained in paragraph 39 of the First Amended Complaint.

40.

Family Dollar denies the allegations contained in paragraph 40 of the First Amended Complaint.

41.

Family Dollar denies the allegations contained in paragraph 41 of the First Amended Complaint.

42.

Family Dollar is without sufficient information or belief to respond to the allegations contained in paragraph 42 of the First Amended Complaint, and therefore denies the allegations contained in paragraph 42 of the First Amended Complaint.

43.

Family Dollar denies the allegations contained in paragraph 43 of the First Amended Complaint.

## COUNT II

## CAUSE OF ACTION
## TITLE VII-RACE

44.

Family Dollar incorporates its responses to paragraphs 1 through 43 as if set forth herein.

45.

Family Dollar denies the allegations contained in paragraph 45 of the First Amended Complaint.

46.

Family Dollar denies the allegations contained in paragraph 46 of the First Amended Complaint.

47.

Family Dollar denies the allegations contained in paragraph 47 of the First Amended Complaint.

48.

Family Dollar denies the allegations contained in paragraph 48 of the First Amended Complaint.

## COUNT III

## CAUSE OF ACTION
## TITLE VII-GENDER

49.

Family Dollar incorporates its responses to paragraphs 1 through 48 as if set forth fully herein.

50.

Family Dollar denies the allegations contained in paragraph 50 of the First Amended

Complaint.

51.

Family Dollar denies the allegations contained in paragraph 51 of the First Amended Complaint.

52.

Family Dollar denies the allegations contained in paragraph 52 of the First Amended Complaint.

53.

Family Dollar denies the allegations contained in paragraph 53 of the First Amended Complaint.

## COUNT IV

## NEGLIGENT SUPERVISION

54.

Family Dollar incorporates its responses to paragraphs 1 through 53 as if set forth fully herein.

55.

Family Dollar admits that Stacy Bales supervised Plaintiff.  Except as expressly admitted, Family Dollar denies the remaining allegations contained in paragraph 55 of the First Amended Complaint.

56.

Family Dollar denies the allegations contained in paragraph 56 of the First Amended Complaint.

57.

Family Dollar denies the allegations contained in paragraph 57 of the First Amended Complaint.

58.

Family Dollar denies the allegations contained in paragraph 58 of the First Amended Complaint.

59.

Family Dollar denies the allegations contained in paragraph 59 of the First Amended Complaint.

60.

Family Dollar denies the allegations contained in paragraph 60 of the First Amended Complaint.

61.

## **PRAYER FOR RELIEF**

Family Dollar denies that Plaintiff is entitled to any relief sought in her First Amended Complaint and Prayer for Relief sections (a) through (i), including, but not limited to, all legal and equitable relief, back pay or lost wages for periods of missed work before and after Plaintiff's last day of work, front pay or future lost wages, fringe benefits, damages for emotional distress, punitive damages, attorneys' fees, costs and trial by jury.

62.

Family Dollar denies each and every allegation in the First Amended Complaint not otherwise specifically admitted.

## **AFFIRMATIVE DEFENSES**

Defendant, Family Dollar Stores of Georgia, Inc., hereby states the following affirmative defenses to the First Amended Complaint as follows, but does not assume the burden of proof of any such defenses, except as required by applicable law with respect to the particular defense asserted.   Family Dollar further reserves the right to assert other affirmative defenses and/or otherwise to amend or supplement these defenses throughout the remainder of this litigation. Because discovery has not commenced, the following defenses are asserted in good faith and to ensure that they are not waived.

### FIRST DEFENSE

Some or all of the purported claims in the First Amended Complaint are subject to dismissal because they fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Some or all of the purported claims in the First Amended Complaint are subject to dismissal because they are barred by the applicable statute of limitations.

### THIRD DEFENSE

Some or all of the purported claims in the First Amended Complaint are barred because Plaintiff has failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission, and therefore, Plaintiff's lawsuit is premature and this Court lacks subject-matter jurisdiction over her claims.

### FOURTH DEFENSE

Some or all of the purported claims and/or relief sought in the First Amended Complaint are barred because Plaintiff is not disabled and/or not a qualified individual with a disability under the Americans with Disabilities Act ("ADA").

**FIFTH DEFENSE**

Some or all of the purported claims are barred because Family Dollar did not perceive Plaintiff as disabled, nor did it take any action against Plaintiff on the basis of an alleged or perceived disability or an alleged record of impairment.

**SIXTH DEFENSE**

Some or all of the purported claims and/or relief sought in the First Amended Complaint are barred because even if Plaintiff can establish that she is disabled and/or a qualified individual with a disability under the ADA, which Family Dollar denies, Family Dollar could not accommodate Plaintiff without undue hardship.

**SEVENTH DEFENSE**

Some or all of the purported claims and/or relief sought in the First Amended Complaint are barred because even if Plaintiff can establish that she is disabled and/or a qualified individual with a disability under the ADA, which Family Dollar denies, Plaintiff cannot establish that Family Dollar failed to accommodate her alleged disability.

**EIGHTH DEFENSE**

Some or all of the purported claims and/or relief sought in the First Amended Complaint are barred because Plaintiff has not suffered an actionable adverse employment action to support a retaliation claim.

**NINTH DEFENSE**

Some or all of the purported claims and/or relief sought in the First Amended Complaint are barred because Plaintiff has not engaged in a protected activity to support an actionable retaliation claim.

**TENTH DEFENSE**

Some or all of the purported claims and/or relief sought in the First Amended Complaint are barred because Plaintiff cannot establish a causal connection between any alleged protected activity and any alleged adverse employment action, barring a retaliation claim.

**ELEVENTH DEFENSE**

Some or all of the purported claims and/or relief sought in the First Amended Complaint are barred because all decisions taken with respect to the Plaintiff's employment were based upon legitimate, non-discriminatory reasons.

**TWELFTH DEFENSE**

Even if Plaintiff were able to prove that Family Dollar's actions and decisions were motivated, in part, by unlawful discriminatory or retaliatory intent (and she cannot), Plaintiff's claims fail because Family Dollar would have taken the same actions and made the same decisions without regard to any alleged unlawful intent.

**THIRTEENTH DEFENSE**

Some or all of the purported claims and/or relief sought in the First Amended Complaint are barred because Family Dollar maintained, disseminated and enforced a clear policy against harassment, discrimination, and retaliation establishing reasonable and effective means of reporting and seeking relief from conduct believed to be harassing, discriminatory, or retaliatory and because Family Dollar acted in accordance with the policy at all times.

**FOURTEENTH DEFENSE**

Some or all of the purported claims and/or relief sought in the First Amended Complaint are barred because Family Dollar's actions were in good faith and were not malicious, egregious, in bad faith, or in willful or reckless indifference to any legal rights of Plaintiff.

## FIFTEENTH DEFENSE

Some or all of the purported claims are barred in whole or in part because Family Dollar neither participated in, authorized, nor ratified the alleged wrongful acts.

## SIXTEENTH DEFENSE

Plaintiff's claims may be barred by the equitable doctrine of laches, estoppel and/or waiver based on Plaintiff's unreasonable delay in reporting alleged discriminatory, harassing, hostile, or wrongful actions.

## SEVENTEENTH DEFENSE

Plaintiff failed to give Family Dollar adequate notice of the alleged hostile and/or offensive treatment she claims to have experienced, and to the extent any such notice was given, Family Dollar took prompt remedial action after becoming aware of Plaintiff's allegations of such treatment.

## EIGHTEENTH DEFENSE

The relief sought by Plaintiff is barred in whole or in part because of after-acquired evidence.

## NINETEENTH DEFENSE

Plaintiff's claims for compensatory and punitive damages are limited in whole or in part by statute.

## TWENTIETH DEFENSE

Plaintiff's punitive damages are barred because Family Dollar did not engage in any conduct that would rise to the level required to sustain an award of punitive damages.

## TWENTY-FIRST DEFENSE

Plaintiff failed to mitigate her alleged damages.

## TWENTY-SECOND DEFENSE

Plaintiff is not entitled to attorneys' fees, costs or expenses.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff engaged in misconduct, violation of Family Dollar's policies or other conduct that would have resulted in her termination had Family Dollar discovered such conduct, Plaintiff is barred, in whole or in part, from recovering a remedy.

## TWENTY-FOURTH DEFENSE

Plaintiff's damages, if any, shall be offset or reduced by her fault and/or the fault of third parties over whom Family Dollar has no factual responsibility or legal liability.

## TWENTY-FIFTH DEFENSE

Family Dollar will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserves the right to amend this Answer to state such defenses.

WHEREFORE, having fully responded to Plaintiff's First Amended Complaint, Family Dollar prays that this Answer and Affirmative Defenses be deemed good and sufficient and that, after due proceedings, there be judgment in its favor and against Plaintiff, dismissing Plaintiff's suit with prejudice and with reasonable attorneys' fees and costs awarded to Family Dollar, and further relief as the Court deems just and proper.

[SIGNATURE ON NEXT PAGE]

Dated September 7, 2012

/s/ Christine S. Tenley
Christine S. Tenley
Georgia Bar No. 702145
ctenley@littler.com
Direct Dial: 404.760.3969
Direct Fax: 404.393.9149
LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA  30326.4803
404.233.0330

Attorney for Defendant
Family Dollar Stores of Georgia, Inc.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MELISSA PRINGLE,

              Plaintiff,

v.

FAMILY DOLLAR STORES OF
GEORGIA, INC.,

              Defendant.

CIVIL ACTION NO. 1:12-cv-00044-JRH-WLB

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

*John P. Batson*
*Law Office of John P. Batson*
*P.O. Box 3248*
*Augusta, GA  30914-3248*

*Tequiero "TK" Smith (pro hac vice)*
*Barnes Law Firm*
*945 E. Paces Ferry Road*
*Suite 2270*
*Atlanta, GA  30326*

*/s/ Christine S. Tenley*
Christine S. Tenley

Firmwide:113761023.1 053439.1259

18